While I concur in part II.B., I respectfully dissent from part II.A. Both Hobbs and Simses are suing Oakwood Acceptance on the ground that it has been harassing them and threatening collection and repossession while it is a mere stranger to their respective contracts. Oakwood Acceptance claims that arbitrators should decide the issue of Oakwood Acceptance's standing to enforce the arbitration agreements because they provide that "[a]ny challenges to the validity or enforceability of this Agreement shall be determined by the arbitrator(s)." The standing of a party, however, is distinct from the validity or the enforceability of the agreement.
Oakwood Acceptance introduced no evidentiary material whatsoever before the trial court to establish that Oakwood Acceptance was either a party to or an assignee of any contract with either Hobbs or Simses. Under Oakwood Acceptance's interpretation of the quoted sentence, any stranger to an arbitration agreement containing such a sentence — literally, any stranger in the world — would have a right to require that an arbitrator decide whether the stranger to the contract is a party to the contract.